In the Matter of CONFLICTING LEASE APPLICATIONS FOR WYOMING AGRICULTURAL LEASE NO. 1–7027:

William H. Riedel, Appellant (Petitioner),

v.

Craig C. Anderson and Gail M. Anderson, Appellees (Respondents).

No. 98–250.

Supreme Court of Wyoming.

Jan. 29, 1999.

ORDER OF DISMISSAL

PER CURIAM.

This case came on before the Court upon its own motion to consider whether it should be dismissed for failure to present a justiciable issue for review, and the Court, having reviewed the files and records of the Court and being fully advised in the premises, finds and concludes that:

1. The Petition for Review, filed in the district court, presents one of the specific issues of law addressed to the district court for review in this way:

7. The issues of law addressed to the Court are:

a. Whether the preferential right of renewal under W.S. 36–5–105 is unconstitutional and in violation of Wyoming's fiduciary trust obligation to maximize revenues from state lands in order to support its common schools, as that fiduciary obligation is imposed by federal law and the Wyoming Constitution; to wit, Wyoming's enabling Act, Sections 4 and 5 of 26 Statutes at large 22, Ch. 664, 10 July 1890; Supremacy Clause of the United states Constitution; Wyoming Constitution: Article 1, Sections 2, 3, 6 and 34; Article 13, Section 27; Article 7, Sections 2; and Article 18, Sections 1, 2, 3, 4 and 5.

2. This issue was not, and it could not be, raised before the Board of Land Commissioners. *Belco Petroleum Corp. v. State Bd. of Equalization*, 587 P.2d 204, 214 (Wyo.1978).

3. The authority of the district court, and this court upon certification of a cause pursuant to W.R.A.P. 12.09, is limited to the issues set forth in the petition

and raised before the agency, as well as by the provisions of WYO. STAT. § 16–3–114(c).

4. WYO. STAT. § 16–3–114(c) provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, **interpret constitutional and statutory provisions,** and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) **Contrary to constitutional right, power, privilege or immunity;**

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by **law;** or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute. (Emphasis added.)

5. In *Belco Petroleum Corp. v. State Bd. of Equalization,* 587 P.2d 204, 214 (Wyo.1978), we said:

We hold that an administrative agency has no authority to determine the constitutionality of a statute. (Citations omitted.) This is so whether the question is the constitutionality of the statute per se or the constitutionality of the statute as applied.

6. Even though an administrative agency has no authority to determine the constitutionality of a statute, and, therefore, the issue upon which review is sought could not be raised before the Board of Land Commissioners, the scope of review before the district court is not expanded by either the statute or the rule.

7. The statute specifically alludes to constitutional issues and affords to the court authority to "interpret constitutional and statutory provisions" and to "hold unlawful and set aside agency action, findings and conclusions found to be * * * contrary to constitutional right, power, privilege or immunity * * *."

8. Neither the statute nor the rule affords the district court or this court authority on review of an agency decision to hold a statute unconstitutional *vel non.*

9. The only issue asserted in the Brief of Appellant in this case is:

Whether the preferential right of renewal under W.S. 36–5–105 is unconstitutional and in violation of Wyoming's fiduciary trust obligation to maximize revenues from state lands in order to support its common schools, as that fiduciary obligation is imposed by federal law and the Wyoming Constitution; to wit, Wyoming's enabling Act, Sections 4 and 5 of 26 Statutes at large 22, Ch. 664, 10 July 1890; Supremacy Clause of the United states Constitution; Wyoming Constitution: Article 1, Sections 2, 3, 6 and 34; Article 13, Section 27; Article 7, Sections 2; and Article 18, Sections 1, 2, 3, 4 and 5.

10. The appropriate course for an aggrieved party to pursue when a statute that affords authority to an agency is deemed to be unconstitutional is found in and preserved by the provisions of W.R.A.P. 12.12:

The relief, review, or redress available in suits for injunction against agency action or enforcement, in actions for recovery of money, **in actions for a declaratory judgment based on agency action or inaction,** in actions seeking any common law writ to compel, review or restrain agency action shall be available by independent action notwith-

standing any petition for review. (Emphasis added.)

11. This Court is without authority to address the single issue claimed by the Petitioners in their Petition for Review and their Brief of Appellant.

IT THEREFORE IS ORDERED that this case be, and the same hereby is, dismissed, and it is remanded to the District Court for any further proceedings that may be deemed appropriate in light of this Order of Dismissal.